NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICARDO JOSE CALDERON LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1996

---

Appeal from the United States District Court for the Central District of California in No. 2:11-cv-00954-DMG-JCG, Judge Dolly M. Gee.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

The United States moves to dismiss Ricardo Jose Calderon Lopez's appeal for lack of jurisdiction. Mr. Calderon Lopez has not filed a response.

Mr. Calderon Lopez filed the underlying petition for writ of habeas corpus in the United States District Court for the Central District of California, which transferred the

matter to another district court in February 2011. Mr. Calderon Lopez appealed to the United States Court of Appeals for the Ninth Circuit, which dismissed in April 2011 for lack of jurisdiction. In July 2025, Mr. Calderon Lopez filed two more notices of appeal at the Central District of California, both directed to this court.[1]

As we have repeatedly informed Mr. Calderon Lopez,[2] this court's jurisdiction over district court decisions is limited to cases involving the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see id.* § 1295(a)(4)(C); and cases involving certain damages claims against the United States "not exceeding $10,000 in amount," *id.* § 1346(a)(2), *see id.* § 1295(a)(2). This case is clearly outside of that jurisdiction. And under the circumstances, we see no basis to transfer to another court.

Mr. Calderon Lopez is specifically warned that he may be sanctioned, including the imposition of monetary and non-monetary penalties, if he files another notice of appeal directed to this court that involves a case that does not

---

[1]    The first notice indicates appeal from an order dated "07/19/2025," which is not the date of any order entered in that court but rather is the date the notice was filed. The second notice indicates appeal from an order dated "02/01/2011," which also is not the date of any order entered in that court but rather is the date Mr. Calderon Lopez filed the habeas petition.

[2]    *See, e.g.*, *Calderon Lopez v. Gumushyan*, No. 2025-1765, ECF No. 10 (Fed. Cir. July 8, 2025); *Calderon Lopez v. Off. of the Sec'y of State*, No. 2024-1964, ECF No. 4 (Fed. Cir. July 23, 2024); *Calderon Lopez v. O'Malley*, No. 2025-1698, ECF No. 22 (Fed. Cir. June 25, 2024); *In re Calderon Lopez*, No. 2023-133, ECF No. 23 (Fed. Cir. Oct. 13, 2023).

CALDERON LOPEZ v. US                                                    3

plausibly fall within this court's subject matter jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted. The appeal is dismissed.

(2) Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

September 30, 2025
Date